# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO. DKC-15-168 |
| v. | |
| JEMEL MAURICE LYLES, <br>   a/k/a "Michael Anderson," <br>   a/k/a "Anthony Alva," <br>   a/k/a "Tony Alva," and <br> STEPHEN COURTNEY EVANS, | |
| Defendants | |

## ORDER GRANTING AMENDED CONSENT MOTION TO TOLL SPEEDY TRIAL CLOCK AND TO CONTINUE THE TRIAL DATE

Upon consideration of the Consent Motion to Toll Speedy Trial Clock Under 18 U.S.C. § 3161(h)(7) and to Continue the Trial Date, the Court makes the following findings:

1. On April 8, 2015, a federal grand jury for the District of Maryland returned a four-count indictment charging the defendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Two); and Money Laundering, in violation of 18 U.S.C. § 1957 (Counts Three and Four).

2. Mr. Evans was arraigned on the indictment on May 26, 2015, entering a plea of not guilty. The Court set June 10, 2015 as the motions deadline and June 16, 2015 as the trial date.

3. The Court has identified the presumptive seventy-day trial date, pursuant to 18 U.S.C. § 3161(c), as June 22, 2015.

4. Under 18 U.S.C. § 3161(h)(7)(A), the Court may continue the trial date beyond the seventy-day time period at the request of the attorney for the Government, if the Court finds that the ends of justice will be served by taking such action and such action outweighs the best interest

of the public and the defendant in a speedy trial.

5. During the course of the investigation of these offenses, law enforcement agents have gathered voluminous records that the government intends to provide to the defense in discovery. The parties anticipate that it will take a substantial amount of time for defense counsel to review these materials and decide whether to engage in plea negotiations.

6. Accordingly, the Government submits that the ends of justice will be served best by tolling the Speedy Trial Act clock for sixty days from the date of Mr. Evans's arraignment and such action outweighs the best interest of the public and defendant in a speedy trial.

7. Based upon the foregoing facts, that the ends of justice will be served best by tolling the Speedy Trial Act for sixty days following Mr. Evans's arraignment and such action outweighs the best interest of the public and defendant—who consents to the tolling of the clock—in a speedy trial.

**WHEREFORE**, it is this 28th day of May, 2015, **ORDERED** that the Consent Motion to Toll Speedy Trial Clock is **GRANTED**; and it is further

**ORDERED** that the time from May 26, 2015 until and including sixty days from May 26, 2015, is excluded from computing the period of time within which the trial must commence; and it is further

**ORDERED** that the trial of this case will be continued from June 16, 2015 until a time agreed upon by the parties and the Court. A new trial date will be set once counsel is settled and the co-defendant is arraigned.

_Deborah Chasanow_
Honorable Deborah K. Chasanow
United States District Judge